IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. DKC-21-360 |
| JAMES WILLIAM WILSON, JR., and MAUREEN ANN WILSON, | |
| Defendants. | |

### PETITION OF ANNA VLADO PURSUANT TO
### 21 U.S.C. § 853(n)(6)(A)

Anna Vlado ("Claimant") submits this petition asserting a legal right, title, and interest in property that has been forfeited to the United States in the above referenced criminal case, and requests that the Preliminary Order of Forfeiture (the "Preliminary Order") dated June 30, 2025, *see generally* [ECF No. 330], issued in such case be amended to recognize said right, title and interest.

In support of her petition, Claimant says the following:

### A.    ASSET TO WHICH THE CLAIM PERTAINS

Claimant asserts that she has a right, title and interest in the asset identified as Item #7 in the Preliminary Order, *viz.* $2,014,155.65 representing a death benefit related to Policy No. 82078700, issued by the JOHN HANCOCK LIFE INSURANCE COMPANY ("John Hancock") insuring the life of Claimant's late husband, James Demetro ("Mr. Demetro" or the "Named Insured"), which sum of money was the subject of an interpleader action filed in this court by John Hancock in Case No. 1:21-cv-01876-GLR (hereafter the "Forfeited Asset" or the "Death Benefit").

**B.    THE NATURE AND EXTENT OF CLAIMANT'S INTEREST**

Claimant asserts that she is the rightful owner of the Forfeited Asset because she was the sole designated beneficiary on the referenced life insurance policy at the time it was issued, and was entitled to the Death Benefit upon the death of the Named Insured, as a matter of Maryland law.

In the alternative, Claimant asserts that to the extent that she was deprived of her legal right, title and interest in the Forfeited Asset by the fraud perpetrated by Defendants James Wilson ("James") and Maureen Wilson ("Maureen") (collectively "Defendants"), she is entitled to recover the Forfeited Asset as the beneficiary of a constructive trust under Maryland law.

**C.    STATUTORY BASIS FOR THE CLAIM**

This petition for relief from the Preliminary Order is filed pursuant to 21 U.S.C. § 853(n)(6)(A).  Pursuant to that statute, Claimant asserts that because the Death Benefit on the life insurance policy was owed to her as the sole beneficiary on the life insurance policy, she has a right, title and interest in the Death Benefit, as a matter of Maryland law, that is superior to any interest that could have been acquired by Defendants, including, specifically, the claim made by Maureen in the aforementioned interpleader action; or that she has a right, title and interest in the Death Benefit that was vested in her, as a matter of Maryland law, before any interest was acquired by Defendants through the commission of the acts that gave rise to the forfeiture of the property.

In the alternative, Claimant asserts that her right, title and interest in the Forfeited Asset was taken from her by fraud by Defendants, including acts committed

by James, with whom her late husband, Mr. Demetro, was in a fiduciary or confidential relationship, and that accordingly, she is entitled under Maryland law to be recognized as the beneficiary of a constructive trust, which is a recognized ground for granting a claim under Section 853(n)(6)(A). In that regard, Claimant asserts that the Forfeited Asset is or is traceable to the property to which she was entitled; that she released any claim against John Hancock when it was discharged from the aforementioned interpleader action and thus lacks any adequate remedy at law; that both she and her late husband acted at all times in the belief that the policy was legitimate, and that neither she nor the decedent was aware of or was complicit in any fraud perpetrated by Defendants at the time it occurred; and that because she is the sole beneficiary of the Death Benefit, granting her claim would not result in any pecuniary harm to any similarly situated person.

### D. TIME AND CIRCUMSTANCES OF CLAIMANT'S ACQUISITION OF HER RIGHT, TITLE AND INTEREST

The time and circumstances of Claimant's acquisition of her right, title and interest in the forfeited asset are set forth in detail in the Complaint for Interpleader filed by the John Hancock in Case No. 1:21cv-01876-GLR, and the Exhibits thereto, which are collected and attached hereto as **Exhibit A**, the substance of which are incorporated herein by reference. The relevant facts may be summarized as follows:

On or about March 3, 2009, James entered into a fiduciary relationship with Claimant's late husband, Mr. Demetro, whereby James represented that he would apply for and obtain an insurance policy on the life of said Mr. Demetro, naming Claimant, his wife, as the sole beneficiary. That policy, known as Policy No.

82078700, was issued on April 14, 2009, insuring the life of Mr. Demetro in the amount of $2,000,000, and naming Claimant as the sole primary beneficiary.

Thereafter, at various times between 2009 and the time of Mr. Demetro's death, James requested, and received, from Mr. Demetro, or persons acting on his behalf, sums of money which James represented were needed to keep the policy active for the benefit of Claimant, and which therefore would be used to pay, at least in part, the premiums on the policy.

As detailed in the Complaint for Interpleader, however, on various dates between 2012 and 2019, James, knowing that neither Mr. Demetro nor Claimant could neither read nor write, caused Mr. Demetro to transfer ownership of the policy to the Defendant's associate, Tracey Wise, and acting through Ms. Wise, to change the designated beneficiary on the policy from Claimant to himself and then to Maureen, his wife, all without the knowledge or consent of either Mr. Demetro or Claimant.

As a result of these unauthorized transactions, when Mr. Demetro died on March 21, 2021, the Death Benefit on the policy was not paid to Claimant. Instead, John Hancock, having been apprised of concerns regarding the legitimacy of the claim to the Death Benefit that had been filed by Maureen, filed a Complaint for Interpleader and deposited the Forfeited Asset with the Court, asserting that it had no stake in the Forfeited Asset. Thereafter, the court granted John Hancock a discharge from its obligations under the policy.

**E.    STATEMENT OF THE RELIEF SOUGHT**

Claimant prays that the Preliminary Order be amended to recognize that Claimant has a right, title and interest in the entirety of the Forfeited Asset discussed herein because she was the sole beneficiary on the policy.

In the alternative, if the facts determined in the course of discovery reveal that Mr. Demetro, or someone acting on his behalf, paid part of the premiums on the policy and that the balance of the premiums was paid by others, Claimant prays that the Preliminary Order be amended to recognize that Claimant has a right, title and interest in that portion of the Forfeited Asset that corresponds to the portion of the total premium paid to John Hancock by and/or on behalf of Mr. Demetro.

In the alternative, Claimant prays that the Preliminary Order be amended to recognize that Claimant has the right to recover the premiums that Mr. Demetro, or someone acting on his behalf, paid to James, and that were used to pay the premiums to the insurance company, because neither James nor the insurance company have the right to retain such premiums without paying any Death Benefit.

**F.    REQUEST FOR DISCOVERY**

Pursuant to FED. R. CRIM. PROC. 32.2(c)(1)(B), Claimant requests that the Court authorize the parties to conduct such discovery as may be necessary to determine the merits of her claim before the Court conducts any hearing, or rules on any dispositive motion, concerning this petition for relief.

## VERIFICATION

Claimant asserts, under penalty of perjury, that the facts set forth herein are true and correct.

Date: October 14, 2025

_____
Anna Vlado, Claimant

Dated: October 14, 2025                  Respectfully submitted,

    /s/ Andrew C. White, Esq.
Andrew C. White, Esq. (Bar No. 08821)
Edward P. Parent, Esq. (Bar No. 29370)
SILVERMAN THOMPSON SLUTKIN WHITE, LLC
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Phone: (410) 385-2225
awhite@silvermanthompson.com
nparent@silvermanthompson.com
rkarceski@silvermanthompson.com


    /s/ Stefan D. Cassella, Esq.
Stefan D. Cassella, Esq. (Bar No. 01979)
ASSET FORFEITURE LAW, LLC
10609 Rachel Yates Court
Laurel, Maryland 20723
Phone: (240) 338-0724
cassella@assetforfeiturelaw.us

*Counsel for Claimant Anna Vlado*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2025, a copy of the foregoing document was filed electronically in this Court, and thus served via the Court's electronic filing system, Case Management/Electronic Case Files (CM/ECF), upon the following counsel of record.

Dated: October 14, 2025        /s/ Andrew C. White, Esq.
                                    Andrew C. White, Esq. (Bar No. 08821)